IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD J. JENKINS, # 138355, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:14cv140-WKW |
| ) | (WO) |
| GARY HETZEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter concerns a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Richard J. Jenkins ("Jenkins"). Doc. No. 1.[1]

### I.  BACKGROUND

On April 20, 2006, a Geneva County jury found Jenkins guilty of two counts of capital murder for committing murder by shooting into an occupied vehicle, in violation of § 13A-5-40(a)(17), Ala. Code 1975, and for committing murder during a first-degree robbery, in violation of § 13A-5-40(a)(2), Ala. Code 1975.  The State presented evidence that Jenkins fatally shot Mike Brown during a robbery that took place while Brown was inside a car.  Jenkins was sentenced to life without parole.

The Alabama Court of Criminal Appeals initially dismissed Jenkins's direct appeal as untimely, after which Jenkins filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure arguing he failed to timely appeal through no fault of his own.  After a hearing on the

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF.

petition, the trial court granted Jenkins an out-of-time appeal. Jenkins then filed a timely direct appeal to the Alabama Court of Criminal Appeals.

On direct appeal, Jenkins presented the following claims:

1. The trial court abused its discretion by failing to remove a juror for bias.

2. The trial court erred in denying his motion for a judgment of acquittal on his conviction for capital murder for the murder of the victim committed during a first-degree robbery.

3. His convictions for capital murder for murder during a first-degree robbery and murder by shooting the victim while he was inside a car constituted double jeopardy because they involved the same victim.

4. The trial court abused its discretion in restricting him from introducing evidence that someone else committed the offense. Specifically, the trial court should have allowed him to question the State's expert why a gunshot residue test was not performed on the victim, and should not have prohibited him from producing evidence regarding the victim's arrest on the day before the present offense due to an argument where the victim pointed a weapon at a third party.

Doc. No. 14-26 at 7-28.

On August 28, 2009, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Jenkins's convictions and sentence, finding that his claims were meritless or not preserved for appellate review. Doc. No. 14-28. Among its holding, the court concluded that the State's evidence would support Jenkins's convictions and that Jenkins's juror-bias claim was not preserved for review. *Id*.

Jenkins applied for rehearing, which was overruled by the appellate court on September 18, 2009. Doc. Nos. 14-29 and 14-30. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on November 13, 2009. Doc. Nos. 14-31 and 14-32. A certificate of judgment was entered that same date. Doc. No. 14-32.

On January 4, 2010, Jenkins, proceeding *pro se*, filed a petition for post-conviction relief under Ala.R.Crim.P. 32, in which he asserted numerous claims of ineffective assistance of counsel by his trial and appellate counsel, and independent claims of trial court error. Doc. No. 14-33 at 16-22. After the State moved to dismiss the petition, the trial court appointed counsel to represent Jenkins in the Rule 32 proceedings. Thereafter, Jenkins amended his Rule 32 petition to assert additional claims. *See, e.g., Id*. at 51-74; Doc. No. 14-34 at 1-2, 23-47.

The trial court held an evidentiary hearing on Jenkins's Rule 32 petition, as amended, on March 24, 2011. Doc. No. 14-35 at 22-60. On May 18, 2011, the trial court entered an order denying Jenkins's Rule 32 petition, finding no ineffectiveness by Jenkins's counsel and no trial court error. Doc. No. 14-34 at 65-70.

Jenkins appealed, and on August 10, 2012, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming the trial court's judgment denying his Rule 32 petition. Doc. No. 14-41. Jenkins applied for rehearing, which was overruled on November 30, 2012, although the Alabama Court of Criminal Appeals issued a substitute opinion in place of its August 10, 2012, opinion. *See* Doc. Nos. 14-42, 14-43, and 14-44. Jenkins filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on March 15, 2013. Doc. Nos. 14-44 and 14-45. A certificate of judgment was entered that same date. Doc. No. 14-45.

On January 3, 2013, Jenkins filed another *pro se* Rule 32 petition. Doc. No. 14-47 at 10-21. In that petition and its subsequent amendments, Jenkins argued that (i) he was actually innocent of the offense of which he was convicted; (ii) Debbie Brewer overheard an individual named Harvey Arrant confess that he (Arrant) committed the murder; (iii) these claims constitute "newly discovered evidence"; (iv) the State elicited perjured testimony at trial; and (v) his sentence

was illegal for lack of an advisory jury verdict. *Id*. at 10-21, 33-42. The State moved to dismiss Jenkins's Rule 32 petition and argued that his purported newly discovered evidence amounted to nothing more that "a hearsay affidavit that someone heard another person say that the Defendant was not the person that shot and killed the victim." *Id*. at 26. On May 29, 2013, the trial court entered an order denying Jenkins's Rule 32 petition. *Id*. at 62-64.

Jenkins appealed the trial court's decision, and on October 15, 2013, the Alabama Court of Criminal Appeals affirmed in an unpublished memorandum opinion. Doc. No. 14-50. That court entered a certificate of judgment on November 13, 2013. Doc. No. 14-51. Jenkins filed an untimely application for rehearing, which the Court of Criminal Appeals struck on November 20, 2013. Doc. Nos. 14-52 and 14-53. Jenkins then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court struck on March 15, 2013, because Jenkins's application for rehearing was untimely in the Alabama Court of Criminal Appeals. Doc. Nos. 14-54 and 14-55.

On February 28, 2014 (Doc. Nos. 1 and 1-1), Jenkins initiated this habeas action by filing a § 2254 petition asserting the following claims:

1. "Newly discovered evidence" of his actual innocence exists in the form Debbie Brewer's affidavit that she overheard Harvey Arrant confess that he killed Mike Brown.

2. He was denied a fair trial because–

    (a) the trial court failed to grant a directed verdict based on the insufficiency of the State's evidence;

    (b) the trial court failed to remove a juror for bias;

    (c) the State failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the trial court did not enforce its discovery order of October 6, 2004; and

    (d) the State elicited perjured testimony.

    3.    His sentence was illegal because of the absence of an "advisory jury sentencing hearing."

Doc. No. 1 at 6-7; Doc. No. 1-1 at 1-7.[2]

The respondents contend that all of Jenkins's claims are procedurally defaulted, either because they were not exhausted in the state courts and Jenkins cannot return to state court to exhaust them or because the state appellate court rejected the claims on adequate and independent state procedural grounds. Doc. No. 14 at 12-22. The respondents further maintain that Jenkins does not demonstrate cause and prejudice to excuse his default or that a miscarriage of justice will result if the claims are not reviewed in this habeas proceeding. *Id*. The undersigned finds that Jenkins is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Procedural Default Doctrine

#### *1. Exhaustion Requirement*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) and (c);[3] *Duncan*

---

[2] About 3½ months after filing his §2254 petition, Jenkins filed an amended petition through retained counsel that restated several of the claims in the original petition with additional supporting argument. Doc. No. 16; *see also* Doc. No. 22.

[3] Section 2254(b)(1) provides:

*v. Walker*, 533 U.S. 167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 and 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

"[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). The procedural default doctrine ensures that

---

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Section 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

"state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

### 2. *"Adequate and Independent State Ground"*

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3. *Exceptions to Procedural Default*

This court may reach the merits of a procedurally defaulted claim in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

7

*Henderson*, 353 F.3d at 892.

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, to establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

Demonstrated actual innocence may trump a procedural bar in a habeas proceeding to provide a gateway to federal review of an otherwise defaulted § 2254 claim. *See Murray*, 477 U.S. at 495-96; *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This standard is demanding and permits review only in the "extraordinary" case. *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

**B.      Jenkins's Assertion of Actual Innocence**

Besides asserting a freestanding claim of actual innocence based on newly discovered evidence, Jenkins, citing *Schlup, supra*, maintains that his actual, factual innocence entitles him to obtain habeas review of the merits of any of his claims that might otherwise be procedurally defaulted. Doc. No. 22 at 1-3. The predicate for both his freestanding claim of actual innocence

and his gateway actual-innocence claim is his contention that newly discovered evidence of his innocence exists in the form Debbie Brewer's affidavit that she overheard Harvey Arrant confess to killing the victim, Mike Brown. *See* Doc. Nos. 1-1, 16, and 22.

Jenkins raised his newly discovered evidence/actual innocence claim in the Rule 32 petition he filed on January 3, 2013. Doc. No. 14-47 at 10-21, 33-42. He pursued the claim on appeal from the trial court's denial of the Rule 32 petition. The Alabama Court of Criminal Appeals addressed the claim at some length in its memorandum opinion affirming the trial court's judgment. Doc. No. 14-50 at 7-11. In pertinent part, the appellate court stated:

> Jenkins contends that the circuit court erred when it summarily dismissed his newly discovered evidence claim and his actual-innocence claim. Jenkins's newly discovered evidence claim and his actual-innocence claim are both grounded in the allegation raised in his Rule 32 petition that
>
>> "[i]nformation was presented to [him] on November 21, 2011[,] that Harvy Arant told this witness in front of other witnesses that he was the person who killed Mike Brown that Mr. Jenkins wasn't the one who done [sic] the killing."
>
> (C. 19.) Specifically, Jenkins alleged that "Harvy Arant" told Debbie Brewer that Arant had killed Brown and that Jenkins was innocent. Jenkins attached to his Rule 32 petition the affidavit of Debbie Brewer that mirrored Jenkins's allegation. Jenkins's allegation, however, even if true does not entitle him to relief because Brewer's affidavit amounts to nothing more than impeachment evidence.
>
> ....
>
> … Brewer's affidavit that alleges that Arrant confessed to her that Arrant had killed Brown would be inadmissible hearsay evidence and could be used only to impeach a witness[.]
>
> Additionally, the record in Jenkins's direct appeal and in this Rule 32 petition support the circuit court's finding that
>
>> Newly discovered evidence that someone else (Harvey Arrant, Jr.) committed the crime and killed the victim is again submitted in an affidavit of Debbie Brewer stating that she heard Harvey Arrant Jr. say he killed Willie "Mike" Brown.

9

> The court further finds that Tony Helms, Chief Deputy with the Geneva County Sheriff's office, with the duty of keeping jail records, stated in an affidavit filed by the State that according to jail records and log, Harvey Arrant Jr. was housed in the Conecuh County Jail on March 21, 2004, the date Mike Brown was murdered.

(C. 64.)

> At trial, the State's evidence established that Willie Mike Brown died from a "[p]enetrating contact gunshot wound ... of the head" on March 21, 2004. (Record on Direct Appeal, C. 501.) As stated above, Jenkins alleges that Harvey Arrant, Jr., confessed to Debbie Brewer that Arrant had killed Brown. Arrant, however, was arrested on March 17, 2004, for failing to appear at a child-support hearing in CS-95-82.09, and was taken to the Geneva County Jail. (C. 71.) Arrant remained in custody until he was released on June 24, 2004. (C. 72.) Thus, the record supports the circuit court's conclusion that Arrant was in custody on "the date Mike Brown was murdered." (C. 64.)

> Accordingly, the circuit court did not err when it dismissed this claim.

Doc. No. 14-50 at 7-11.

As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Debbie Brewer's affidavit is remote in time from the offense it concerns. The affidavit is conclusory and lacking in details. The central assertion in the affidavit, that Arrant told Brewer he shot Mike Brown, is uncorroborated hearsay. There are no indicia of reliability, trustworthiness, or credibility, and the affidavit contradicts evidence presented at trial. The types of evidence found sufficient to support a *Schlup* claim are far more reliable and probative of actual innocence than Brewer's affidavit. *See Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir.2002) (primary

witness against petitioner later recanted his testimony); *see also Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (witness whose trial testimony led to petitioner's conviction later gave a sworn confession to the murder of which petitioner was convicted).  Finally, and perhaps most importantly, the veracity of Arrant's purported statement that he shot Brown is fully belied by evidence showing that Arrant was incarcerated in the county jail at the time of the shooting.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted).  Jenkins's is not such a case.  He therefore fails to meet his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  513 U.S. at 327.  Therefore, he is not entitled to benefit from the actual-innocence exception to procedural default.

**C.     Jenkins's Claims Are Procedurally Defaulted.**

*1.     Freestanding Newly Discovered Evidence/Actual Innocence Claim*

As noted above, Jenkins raised a newly discovered evidence/actual innocence claim in the Rule 32 petition he filed on January 3, 2013.  Doc. No. 14-47 at 10-21, 33-42.  He pursued that claim on appeal from the denial of the Rule 32 petition, and the Alabama Court of Criminal Appeals addressed the claim in a memorandum opinion, finding it was correctly denied by the trial court.  Doc. No. 14-50 at 7-11.  However, after the appellate court's memorandum opinion was issued, Jenkins filed his application for rehearing outside the 14-day period allowed by Ala.R.App.P. 40(c).  Consequently, the Alabama Court of Criminal Appeals struck the application for rehearing as untimely.  After that, the Alabama Supreme Court struck Jenkins's petition for certiorari review, as the proper filing of an application for rehearing is a prerequisite for certiorari review under Ala.R.App.P. 40(d)(d)(1).

Under these circumstances, Jenkins failed to exhaust his freestanding newly discovered evidence/actual innocence claim by subjecting it to a full round of appellate review in the Alabama courts. *See Pruitt*, 348 F.3d at 1359 (exhaustion requirement applies to a petitioner's state collateral review process). Procedurally, Jenkins cannot reassert this claim in the state courts, as another Rule 32 petition asserting the claim would be both successive and untimely. *See* Ala.R.Crim.P. 32.2(b) & (c). Because he can no longer present this claim in the state courts, it is procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

As found above by this court (Part II.B of Recommendation), Jenkins fails to demonstrate his actual innocence to provide a gateway to habeas review of any otherwise defaulted claims. Moreover, he makes no argument to satisfy the "cause and prejudice" standard to excuse his procedural default. *See Frady*, 456 U.S. at 170; *Murray*, 477 U.S. at 485-88. Consequently, his freestanding newly discovered evidence/actual innocence claim provides no basis for federal habeas relief.

### 2. *Sufficiency of the Evidence Claim*

In his § 2254 petition, Jenkins claims he was denied a fair trial when the trial court failed to grant a directed verdict based on the insufficiency of the State's evidence. *See* Doc. No. 1-1 at 6. Jenkins presented this claim on direct appeal, and the Alabama Court of Criminal Appeals addressed it in its memorandum opinion, finding it to be meritless. Doc. No. 14-28 at 5-13. In his application for rehearing, however, Jenkins did not pursue this claim (Doc. No. 14-29); nor did he assert it in the petition for writ of certiorari he filed with the Alabama Supreme Court (Doc. No. 14-44). Consequently, he did not exhaust the claim by subjecting it to a full round of appellate review in the Alabama courts.

Jenkins can no longer raise this claim in the state courts, as it is too late for him to do so in an application for rehearing in the direct-appeal stage of the proceedings and it would be procedurally barred on several grounds if asserted in a Rule 32 petition. *See, e.g.*, Ala.R.App.P. 40(c); Ala.R.Crim.P. 32.2(a)(2), 32.2(a)(4), 32.2(b), and 32.2(c). Because Jenkins can no longer present this claim in the state courts, it is procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

As with his other procedurally defaulted claims, Jenkins makes no argument under the "cause and prejudice" standard to excuse his default. Because he also fails to demonstrate his actual innocence to provide a gateway to habeas review of this defaulted claim (*see* Part II.B of this Recommendation, above), the claim is foreclosed from federal habeas review.

### 3.    Lack of "Advisory Jury Sentencing Hearing"

Jenkins claims in his §2254 petition that his sentence was illegal because of the absence of an "advisory jury sentencing hearing" in his case. Doc. No. 1-1 at 6. He raised this claim in an amendment to the Rule 32 petition he filed on January 3, 2013. However, he did not pursue this claim in his appeal from the denial of that petition. *See* Doc. No. 14-50 at 5. Therefore, the claim was not exhausted in the state courts. He can no longer raise this claim in the state courts, because it is too late for him to do so and it would be procedurally barred on several grounds if asserted in a Rule 32 petition. *See, e.g.*, Ala.R.Crim.P. 32.2(a)(3), 32.2(a)(5), 32.2(b), and 32.2(c). Because Jenkins can no longer present this claim in the state courts, it is procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Jenkins makes no argument under the "cause and prejudice" standard to excuse this default, and he fails to demonstrate his actual innocence to provide a gateway to habeas review of defaulted claims. Therefore, this claim is foreclosed from federal habeas review.

### 4.     *Claims Rejected on Adequate and Independent State Grounds*

#### a.     Failure to remove juror for bias

Jenkins contends that he was denied a fair trial when the trial court failed to remove a juror for bias.  Doc. No. 1-1 at 6; Doc. No. 16 at 4-5.

Jenkins raised this claim on direct appeal, and the Alabama Court of Criminal Appeals held that he failed to preserve the claim for appellate review by timely presenting it to the trial court.  Doc. No. 14-28 at 2-5.  Specifically, the appellate court found that while Jenkins's trial counsel brought certain alleged out-of-court remarks by the juror suggesting bias to the trial court's attention during trial and noted there was alternate jurors, counsel did not move for the trial court to question the juror about the alleged remarks or to replace her with one of the alternates, and further made no attempt to request any action by the trial court and did not object when the trial court stated it would not do anything because of "some statement" the juror made at church.  *Id*. at 3.  The appellate court then held that Jenkins's motion for new trial arguing that the trial court should have removed the juror was untimely and insufficient to preserve any claim of error, stating:

> Because Jenkins failed to sufficiently apprise the trial court of his requested curative actions at the time of the objection and failed to except to the adverse ruling, his objection dis not sufficiently preserve this issue to be raised in the motion for new trial or discussed on appeal.

*Id*. at 5.

This procedural bar is firmly established and regularly followed by Alabama appellate courts.  *See, e.g., Cooper v. State,* 913 So. 2d 1150, 1156 (Ala. Crim. App. 2005); *Ray v. State*, 527 So.2d 166, 167-68 (Ala. Crim. App. 1987); *Smith v. State*, 393 So. 2d 529, 532 (Ala. Crim. App. 1981).  The state appellate court's application of the procedural bar based on Jenkins's failure to properly raise and preserve his juror-bias claim in the trial court constitutes an adequate and independent state procedural ground.  *Harris*, 489 U.S. at 264 n.10.  Because the last state court to

review the juror-bias claim stated clearly and expressly that its judgment rested on a procedural bar, Jenkins's juror-bias claim is procedurally defaulted for purposes of federal habeas review. *Atkins*, 965 F.2d at 955. And because Jenkins does not establish that either the cause-and-prejudice or actual-innocence exception applies to this claim, the claim is foreclosed from federal habeas review.

    b.   <u>*Brady* claim</u>

Jenkins contends that the State failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and, relatedly, that the trial court did not enforce its discovery order of October 6, 2004. *See* Doc. No. 1-1 at 6. Jenkins raised this claim on appeal from the trial court's denial of the Rule 32 petition he filed on January 3, 2013. The Alabama Court of Criminal Appeals, noting that Jenkins did not present this claim in his Rule 32 petition or in any amendments thereto, held that the claim was procedurally barred, denying review of the claim on the adequate and independent state procedural ground that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition. Doc. No. 14-50 at 7. This procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144 (Ala. Crim. App. 2003); *McGahee v. State*, 885 So.2d 191, 224 (Ala. Crim. App. 2003); *Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997). Because the last state court to review Jenkins's *Brady* claim stated clearly and expressly that its judgment rested on a procedural bar, the claim is procedurally defaulted for purposes of federal habeas review. *Atkins*, 965 F.2d at 955. And because Jenkins does not establish that either the cause-and-prejudice or actual-innocence exception applies to this claim, the claim is foreclosed from federal habeas review.

    c.   <u>Perjured testimony</u>

Jenkins contends that the State elicited perjured testimony at his trial. *See* Doc. No. 1-1 at 6; Doc. No. 16 at 3-4. He raised this claim in an amendment to the Rule 32 petition he filed on January 3, 2013. He appealed the trial court's denial of that petition, and the Alabama Court of Criminal Appeals held that the trial court correctly denied relief on his perjured-testimony claim because the claim was procedurally barred under Ala.R.Crim.P. 32.2(a)(3) & (5), as it could have been, but was not, raised at trial or on direct appeal.[4] *See* Doc. No. 14-50 at 6-7. The state appellate court's application of Ala.R.Crim.P. 32.2(a)(3) & (5) constitutes an adequate and independent state procedural ground. *Harris*, 489 U.S. at 264 n.10; *see Brownlee v. Haley*, 306 F.3d 1043, 1065-66 (11th Cir. 2002) ("If an Alabama court has denied post-conviction relief based on the petitioner's failure to raise a claim at trial or on direct appeal, a federal Court cannot review that claim unless" the cause-and-prejudice or actual-innocence exception applies). Because the last state court to review Jenkins's perjured-testimony claim stated clearly and expressly that its judgment rested on a procedural bar, the claim is procedurally defaulted for purposes of federal habeas review. *Atkins*, 965 F.2d at 955. And, once again, because Jenkins does not establish that either the cause-and-prejudice or actual-innocence exception applies to this claim, the claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

---

[4] In his Rule 32 petition – and again in his § 2254 petition – Jenkins only cursorily asserts that the prosecutor knowingly elicited perjured testimony from several witnesses at trial. *See* Doc. No. 14-47 at 39; Doc. No. 1-1 at 6. He presents no specific facts regarding the alleged perjury and no facts indicating that the alleged perjury was only discoverable after his trial. Nor does he present any facts tending to establish that perjured testimony was actually elicited by the prosecutor.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before June 21, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 7th day of June, 2016.


    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE