IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. JENKINS, # 138355, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:14-CV-140-WKW |
| | ) | [WO] |
| GARY HETZEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

On June 7, 2016, the Magistrate Judge filed a Recommendation (Doc. # 26) to which Petitioner timely filed an objection (Doc. # 28). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b), and finds that the objection is due to be overruled.

The Magistrate Judge recommended denial of the 28 U.S.C. § 2254 petition based on procedural default and Petitioner's failure to show that his petition is subject to an exception to the procedural default rule. (Doc. # 26, at 11.) Petitioner relies on an affidavit by an individual named Debbie Brewer to assert that he is actually innocent of the murder for which he was convicted. (Doc. # 28, at 1.) He objects to the Magistrate Judge's determination that this affidavit was not sufficient to meet the actual innocence exception by arguing that he has evidence

demonstrating that a third party (Mr. Arrant) who allegedly confessed to committing the murder may not have been incarcerated on the date of the murder. (Doc. # 28, at 2.) Petitioner does not provide details regarding the nature of the evidence nor a reason why he has not submitted the evidence to the court. Even if the evidence had been submitted, Mr. Arrant's alleged incarceration was only one of several shortcomings of Ms. Brewer's affidavit to satisfy the actual innocence standard. (*See* Doc. # 26, at 10–11.) Neither this objection nor any of Petitioner's other objections demonstrate that he meets an exception to the procedural default rule.

Accordingly, it is ORDERED as follows:

(1)     Plaintiff's Objection (Doc. # 28) is OVERRULED;

(2)     The Recommendation (Doc. # 26) is ADOPTED;

(3)     Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. # 1), as amended (Doc. # 16) is DENIED; and

(5)     This case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 2nd day of August, 2016.

                                           /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE